UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-6018-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff James D. seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends that the ALJ was not properly appointed under the Appointments Clause and that he did not waive this challenge by raising it for the first time before this Court. He further argues that the ALJ erred at step five by finding plaintiff could perform jobs that require reasoning abilities beyond the RFC and hypothetical questions to the VE and that evidence he submitted to the Appeals Council undermines the ALJ's decision. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

//

//

//

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

**DISCUSSION**

A.   **Additional evidence**

Plaintiff submitted to the Appeals Council an opinion from treating doctor Brian Lear. M.D., dated March 11, 2019, along with treatment records from Summit Pacific Medical Center dated March 16, 2018, through August 8, 2016. Tr. 112-14, 115-48. The Appeals Council found that this evidence did not show a reasonable probability that it would change the outcome of the decision and did not exhibit the evidence. Tr. 2. When the Appeals Council considers new evidence in declining review, that evidence becomes part of the administrative record, which this court must consider in determining whether the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Dr. Lear completed a physical functional assessment form in which he opined that plaintiff could sit or stand for 30 to 45 minutes before needing to change positions; he could sit, stand, or walk for about 2 hours in an 8-hour workday; he would need to be able to change positions at will and would need 8 to 12 unscheduled breaks during a workday; he would be off task for 15% of the day and absent 2 days per month due to his physical and mental health limitations. Tr. 112-14. Dr. Lear based his opinion on plaintiff's medical file and treatment notes, physical examinations, and consultative medical opinions; he found plaintiff's complaints credible in light of his diagnosed impairments and the objective medical evidence. *Id.*

Plaintiff points to the vocational expert's testimony that a person who misses more than one and a half days of work per month would not be employable, Tr. 114, and argues that Dr. Lear's opinion establishes that plaintiff meets this standard and therefore undermines the ALJ's decision. Dkt. 10 at 17. The Commissioner asserts that Dr. Lear gave his opinion five months after the date of the ALJ's decision, the opinion is in check-box form and the Commissioner may

reject it for that reason, and the ALJ found plaintiff's subjective claims inconsistent with the medical evidence and the Commissioner may reject the opinion as based on those claims. Dkt. 14 at 14.

     The Court finds that the addition of Dr. Lear's opinion to the record renders the ALJ's decision unsupported by substantial evidence. The opinion is from a treating source and based on treatment records and examinations. As such, it is entitled to the greatest weight, unless the Commissioner gives specific and legitimate reasons to reject it—a standard the Appeals Council did not meet with its boilerplate rejection of the opinion. The Commissioner points to several reasons the ALJ could give to reject this opinion, but these are for the finder of fact to evaluate and weigh, not for the Commissioner to propose post hoc and not for this Court to determine in the first instance. The ALJ discounted plaintiff's symptom testimony without considering this opinion from his treating doctor that his complaints were credible in light of his diagnoses and the objective medial evidence. And as plaintiff notes, the vocational expert testified that a person who misses one and a half days of work per month would not be able to maintain employment. Dr. Lear opined that plaintiff would exceed this standard. The only other opinions from treating sources were from doctors treating plaintiff for his worker's compensation claim; as these doctors addressed plaintiff's back impairment only, the ALJ gave them only some weight. Tr. 29. Dr. Lear is thus the only treating doctor who gave a comprehensive opinion on all of plaintiff's impairments and limitations.

     Dr. Lear's opinion is not cumulative or duplicative of other doctors' opinions and addresses the core issues in the case. When considered along with the evidence before the ALJ, Dr. Lear's opinion leaves the ALJ's decision unsupported by substantial evidence. Accordingly, this case must be remand for further administrative proceedings.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

### B. Reasoning levels

Plaintiff argues that the jobs identified by the vocational expert require reasoning beyond the level included in the ALJ's residual functional capacity finding and that this undermines the ALJ's step five finding. Dkt. 10 at 13. Because the Court is remanding this case for further administrative proceedings, the Court need not address this argument. However, on remand, the ALJ should take care to ensure that the VE's testimony is consistent with the Dictionary of Occupational Titles or, if not, that the VE explains any discrepancy, and that the reasoning level required by any job the ALJ relies on to support a step-five finding is consistent with the RFC.

### C. Appointments Clause

Plaintiff asserts that the ALJ in this case was not properly appointed pursuant to the Appointments Clause of the U.S. Constitution and that he was not required to exhaust this issue at the hearing level or before the Appeals Council. Dkt. 10 at 5-12. Although the argument is plausible and meritorious, the Court declines to address it and applies the principle of constitutional avoidance because there are independent grounds, discussed above, to reverse the Commissioner's final decision. *See, e.g.*, *Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (declining to consider violation of the Eleventh Amendment where matter could be resolved on other independent grounds).

However, because this case is remanded for further proceedings, the Court notes that in *Lucia v. S.E.C.*, 138 S.Ct. 2044, 2055 (2018), the Supreme Court held that the appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed judge, and that the judge presiding over the new hearing cannot be the judge who presided over the tainted adjudication. The Commissioner, in other cases, has argued that unless a case is reversed under *Lucia*, the Court cannot order that a new ALJ preside over the

hearing on remand. Here, the record establishes that the ALJ who presided over plaintiff's case below was not duly appointed as required by the Constitution and the Commissioner does not dispute that for purposes of this case. Dkt. 14 at 4 n.1. Thus whether the case is remanded under *Lucia* or not, the Supreme Court's holding is nonetheless applicable to the new hearing the Court has ordered on remand: a new ALJ must preside over the hearing. Accordingly, on remand, the case must be held before a new ALJ.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, a new ALJ shall evaluate Dr. Lear's opinion, further develop the administrative record and take additional expert testimony as needed, and redo the five-step disability evaluation process as necessary and appropriate to make a new decision in this case.

DATED this 7th day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge